UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
------------------------------------------------------------------ x

Dr. MARIA LARUSSO, as attorney-in-fact for
A. Matthew De Lucia,

                Plaintiff,

   -against-

ST. GEORGE'S UNIVERSITY SCHOOL OF
MEDICINE; and John Does 1-5 and Jane Does 1-5
(as employees, agents, and/or servants of St.
George's and/or as independent contractors),

                Defendants.

------------------------------------------------------------------x

12-CV-3093 (ER) (PED)

ECF CASE

**DECLARATION IN OPPOSITION TO MOTION TO DISMISS VERIFIED COMPLAINT**

      MYRON BELDOCK, an attorney admitted to practice in this Court, declares pursuant to 28 U.S.C. §1746, as follows:

1. I am a member of Beldock Levine & Hoffman LLP, attorneys for plaintiff. I submit this declaration in opposition to the Motion to Dismiss the Verified Complaint.

2. Attached as Exhibit "A" is a Summons with Notice, filed by plaintiff against St. George's University School of Medicine on November 15, 2011 in Westchester County New York State Supreme Court.

3. Attached as Exhibit "B" is an Amended Summons with Notice, filed by plaintiff against St. George's University School of Medicine and John Does 1-5 and Jane Does 1-5 on November 15, 2011 in Westchester County New York State Supreme Court.

4. Attached as Exhibit "C" are Affidavits of Service demonstrating that St. George's University School of Medicine was timely served in New York State (within 120 days of

1

the filing of the Summons with Notice) with the Amended Summons with Notice, in that the Amended Summons with Notice was served on St. George's University School of Medicine itself; on St. George's University LLC; and on University Support Services, LLC. St. George's University LLC is an entity incorporated in Delaware which wholly owns the currently named defendant, St. George's University School of Medicine. University Support Services, LLC is an entity incorporated in Delaware with its principal place of business in New York, which acts as the agent of St. George's University School of Medicine in New York. The St. George's University website lists, under a link labeled "Contact Us" and the heading "Mailing Address," the following contact information: St. George's University, c/o The North American Correspondent, University Support Services, LLC, 3500 Sunrise Highway, Building 300, Great River, NY 11739. A printed copy of that webpage is attached to this declaration as Exhibit "D." As indicated in the attached Affidavits (Exhibit C), the currently named defendant, St. George's University School of Medicine, was served in the following ways:

   a. St. George's University School of Medicine was served as a foreign corporation doing business in New York pursuant to Business Law Corporation Law § 307 by serving a copy of the Amended Summons with Notice on the New York Secretary of State and then mailing a copy of the Amended Summons with Notice by certified mail, return receipt requested, to the last known address for that business (the Grenada address currently listed on St. George's University's website).

   b. St. George's University LLC, the entity that wholly owns St. George's University School of Medicine, was served by personal service of a copy of the Amended Summons with Notice on its registered agent in Delaware.

    c. St. George's University School of Medicine's agent, University Support Services, LLC, was served as a foreign corporation authorized to do business in New York by filing a copy of the Amended Summons with Notice with the New York Secretary of State in Albany, NY.

    d. St. George's University School of Medicine's agent, University Support Services, LLC, was also served by personal service of a copy of the Amended Summons with Notice on its registered agent in Delaware.

    e. Plaintiff further attempted to serve a copy of the Amended Summons with Notice on St. George's University School of Medicine c/o University Support Services, LLC, in person by process server at the address listed on the St. George's University website (3500 Sunrise Highway, Building 300, Great River, NY 11739). The New York office refused to accept service and the process server was advised that Patrick F. Adams was an attorney for St. George's University.

5. Once advised that University Support Services, LLC, refused to accept in person service of the Amended Summons with Notice and had informed the process server that Patrick F. Adams was an attorney for St. George's University, our firm further discovered that Charles J. Adams, who is employed at the office of Patrick F. Adams, is listed as general counsel on the St. George's University website. I therefore called the office of Patrick F. Adams on March 1, 2012. After exchanging several messages I spoke with Steven Levy, associate counsel, on that date. I indicated that University Support Service's New York office had refused to accept service and asked if he could assist us as to where we should direct service. Mr. Levy stated that he could not assist us and advised me that St. George's University Medical School has "no presence in the United States" and is "in

Grenada." During the conversation with general counsel for St. George's University, I mentioned the Amended Summonses with Notice that had already been served in Albany, NY and Delaware.

6. Having been alerted that the defendant and related entities, which conduct business in the state of New York, might attempt to avoid liability by claiming that plaintiff had served the wrong entities, our firm looked further into the corporate structure of St. George's University School of Medicine and discovered the following.

7. St. George's University School of Medicine was founded as an individual school of medicine in Grenada in 1976 by an act of Grenada's parliament.

8. A subsequent act of the Grenada parliament created "St. George's University Limited" in 1996. According to Chancellor Modica, chancellor of St. George's University, St. George's University School of Medicine, Ltd. "changed its name" to "St. George's University Limited" in 1996. *See* attached Exhibit "E" at paragraph 7 (Sworn Affidavit of Chancellor Modica in *American University of the Caribbean v. SGU*, 11-cv-20901). St. George's University now operates a School of Medicine, a School of Veterinary Medicine, a Graduate Studies Program and a School of Arts and Sciences.

9. Nonetheless, St. George's University School of Medicine continues to exist as a separate entity. Attached as Exhibit "F" is an Eligibility and Certification Approval report issued by the United States Department of Education, which is archived as printed on February 25, 2010 on the International Association of Medical Colleges website, indicating that "St. George's University, School of Medicine" is approved as a "foreign for-profit" "eligible to apply for participation" in certain Title IV Student Financial Assistance Programs. This form further states that the institution "St. George's University, School of

4

Medicine" is owned as follows: 100% owned by St. George's University, Ltd., located in Grenada; 100% owned by St. George's University, LLC, c/o University Support Services, located in Bay Shore, NY; and then owned in equal shares of 33.3% by Charles R. Modica, Patrick Adams, and Louis Modica c/o Charles J. Adams.

10. St. George's University, Ltd. is wholly owned by St. George's University LLC, a limited liability company registered in Delaware.[1]

11. St. George's University School of Medicine and St. George's University, Ltd. maintain an office through their agent, University Support Services, LLC, in the state of New York. University Support Services, LLC is a limited liability company registered in Delaware with its principal, and only, place of business in New York. University Support Services, LLC is registered with the New York Department of State as a foreign corporation authorized to do business in New York. University Support Services, LLC performs many activities including advertising and the creation of website content for St. George's University. The New York address is given as the sole U.S. contact location for the University's Office of Enrollment planning and Office of the Registrar, and is listed on the St. George's University website as the location of the Office of Admissions. The New York office employs at least one Associate Dean, at least one Admissions Counselor, and other personnel who handle, among other things, website design, marketing activities, and certain student interfaces for the University. According to the St. George's University website, the New York office accepts, *inter alia*, applications for admission, student forms, requests for program information, and monetary donations.

---

[1] St. George's University LLC also wholly owns "St. George's University School of Medicine LLC," a Florida limited liability corporation. It appears that the Florida LLC is engaged in business only in Florida, where its work is related to clerkship programs for medical students in

12. Dr. Jacqueline Stanley's name was unknown to counsel at the time that the Summons with Notice and Amended Summons with Notice were initially filed, but has since become known.

13. Attached as Exhibit "G" is my Affirmation in Support of Order to Show Cause Why Plaintiff Should Not Be Permitted to File a Supplemental Summons, filed in state court on March 7, 2012.

14. Attached as Exhibit "H" is plaintiff's Complaint, filed in state court on April 5, 2012.

15. Attached as Exhibit "I" is the Order to Show Cause issued by the state court.

16. Attached as Exhibit "J" are the Affidavits of Service demonstrating that the currently named defendant and the proposed additional defendants were timely served with the state court's Order to Show Cause.

17. Attached as Exhibit "K" is a printout from the University Administration website: About SGU.

18. Attached as Exhibit "L" is the University Support Services, LLC – Directory Listing 4/27/2012.

19. Attached as Exhibit "M" is the defendant School's Demand for the Complaint filed in state court on April 5, 2012.

20. Attached as Exhibit "N" are sections from St. George's University School of Medicine "Think Beyond 2005-2006" publication, *i.e.*, the cover page & pp. 1, 3, 5, 9, 12, 13, 60-61 & 107.

21. Attached as Exhibit "O" are sections of St. George's University Student Support Services' booklet, *i.e.*, the first page and last two textual pages, including the headings

---

that state. Plaintiff therefore does not seek to add the Florida LLC as a party at this time.

6

regarding the Office of Dean of Students, University Health Services and University Counseling Services.

22. Attached as Exhibit "P" are pages 1-5 of the 2011 Investment Climate Statement – Grenada – from the U.S. State Department Bureau of Economics, Energy and Business Affairs, March 2011 Report, noting at p. 3 "a more common problem in Grenada's judicial system is lengthy and/or incomplete trials . . . dragged out by the non-appearance of required witnesses or attorneys resulting in multiple continuances . . . ."

23. In regard to issues raised by the Motion to Dismiss concerning the medical malpractice statute of limitations and transfer to Grenada, I advise the Court that based on my personal investigation and knowledge there are, aside from Matthew DeLucia, five other witnesses to the facts and circumstances surrounding his psychological crisis in Grenada and his being sent to Mount Gay, plus a treating psychiatrist and an expert witness psychiatrist, who are all located in the United States. The witnesses (aside from the two psychiatrists) would also describe the improper and dangerous conditions at Mount Gay. Those witnesses include his father, Robert DeLucia, and his mother, Maria LaRusso, both of whom are witnesses to Matthew's total inability to care for himself due to his disoriented and irrational state at the time of the events and for sometime thereafter; a fellow student of Matthew's at the medical school who was a participant in the events surrounding Matthew being found in psychiatric crisis and then taken by security personnel to Mount Gay, who would also testify concerning Matthew's totally incapacitated and disoriented state; another student at the University who was present throughout the events in question and would testify to the same effect about Matthew's condition and the surrounding circumstances; Benjamin DeLucia, Matthew's brother,

who was also a student who was present during part of the events in question and would also testify to the same effect, as well as to Matthew's continued illness after his return to the United States. The psychiatrists are Matthew's treating doctor when he was brought from Grenada to the United States, who has remained as such since then; and a person with whom I consulted as an expert in connection with the medical malpractice claim. All of these persons are located in the United States –one in New Jersey, one in Virginia and the rest, including Matthew, in New York State.

24. Upon information and belief, an internet search on St. George's University website regarding SGU Ltd. only results in a document referring to the School of Arts and Sciences and does not provide any reference to the School of Medicine. *See* Exhibit Q attached.

25. Upon information and belief, Dr. Jacqueline Stanley was not at the time of the events in question a medical doctor.

26. I declare under penalty of perjury that the foregoing factual statements are true and correct.

DATED:   New York, New York
         July 23, 2012

_____
MYRON BELDOCK